NOTICE: NOT FOR OFFICIAL PUBLICATION.
UNDER ARIZONA RULE OF THE SUPREME COURT 111(c), THIS DECISION IS NOT PRECEDENTIAL
AND MAY BE CITED ONLY AS AUTHORIZED BY RULE.

IN THE

# ARIZONA COURT OF APPEALS
## DIVISION ONE

ALLSTATE VEHICLE AND PROPERTY INSURANCE COMPANY,
*Plaintiff/Appellant*,

*v.*

ECODRY RESTORATION OF ARIZONA, LLC,
*Defendant/Appellee*.

No. 1 CA-CV 21-0710

FILED 11-1-2022

Appeal from the Superior Court in Maricopa County
No. CV2020-055103
The Honorable Theodore Campagnolo, Judge

**AFFIRMED**

COUNSEL

Goldstein Woods & Alagha, Phoenix
By Evan S. Goldstein, Hesam Alagha
*Counsel for Plaintiff/Appellant*

Ehmke Law, PLC, Mesa
By Joshua Thad Ehmke
*Counsel for Defendant/Appellee*

Jones, Skelton & Hochuli, P.L.C., Phoenix
By Patrick C. Gorman, Jonathan P. Barnes, Jr.
*Counsel for Amicus Curiae Pekin Insurance Company*

---

## MEMORANDUM DECISION

Presiding Judge Maria Elena Cruz delivered the decision of the Court, in which Judge Angela K. Paton and Judge Peter B. Swann joined.

---

**C R U Z**, Judge:

¶1 Allstate Vehicle and Property Insurance Company ("Allstate") appeals the superior court's order granting the cross-motion for summary judgment filed by EcoDry Restoration of Arizona, LLC ("EcoDry") and denying Allstate's motion for summary judgment. For the following reasons, we affirm.

### FACTUAL AND PROCEDURAL HISTORY

¶2 EcoDry performed water remediation services at the home of Allstate insureds, Jason and Madison Serikaku ("the Homeowners"). In exchange for EcoDry's services, the Homeowners signed a work order agreement with an assignment of benefits that states:

> <u>Assignment of Benefits:</u> Customer hereby assigns any and all post-loss insurance rights, benefits, proceeds, causes of action, including the ability to file a lawsuit directly against Customer's insurance provider, under any applicable insurance policies to Contractor and/or Contractor's assignees for work performed by Contractor. This post-loss assignment is made in consideration of Contractor performing the services and/or not requiring an upfront down payment from Customer.

¶3 After EcoDry requested payment from Allstate for services rendered, Allstate requested EcoDry participate in an examination under oath ("EUO"). EcoDry refused, arguing the assignment of benefits does not confer upon it a duty to comply with this policy requirement.

¶4 Allstate filed a declaratory judgment action in the superior court, alleging EcoDry was obligated to undergo an EUO, and requesting a declaration of Allstate's and EcoDry's rights and obligations under the policy.

**¶5** Later, Allstate and EcoDry filed competing motions for summary judgment. The superior court ruled EcoDry was not obligated to undergo an EUO because the assignment of benefits it received from the Homeowners gave "EcoDry the right to collect whatever the insured was entitled to, subject to defenses and claims against the insured that existed pre-assignment"; but the assignment did not create a duty upon EcoDry to give an EUO on the claim because the assignment of benefits did not assign the policy to EcoDry, only a discrete claim. The court denied Allstate's motion for summary judgment and granted EcoDry's cross-motion, awarding EcoDry its attorneys' fees.

**¶6** Allstate timely appealed, and we have jurisdiction pursuant to Arizona Revised Statutes ("A.R.S.") section 12-2101(A)(1).

## DISCUSSION

**¶7** We review a grant of summary judgment de novo determining whether any genuine issue of material fact exists and whether the superior court erred in applying the law. *United Dairymen of Ariz. v. Schugg*, 212 Ariz. 133, 140, ¶ 26 (App. 2006). "Summary judgment is proper if the evidence presented by the party opposing the motion contains so little probative value, given the required burden of proof, that reasonable people could not agree with that party's conclusions." *Id.* "We consider the record in the light most favorable to the party against whom summary judgment has been entered." *Id.*

**¶8** Allstate argues when EcoDry accepted the assignment of benefits from the Homeowners it also accepted the policy obligation to participate in an EUO. An EUO is carried out "to enable the [insurer] to possess itself of all knowledge, and all information as to other sources and means of knowledge, in regard to the facts, material to their rights, to enable them to decide upon their obligations, and to protect them against false claims." *Claflin v. Commonwealth Ins. Co.*, 110 U.S. 81, 94-95 (1884). It is an investigative tool aimed at discovering information regarding the claimed loss itself, and an obligation for the insured under the policy, irrespective of whether the insurer disputes the amount charged for a remediation contractor's charges.

**¶9** As a general rule, "an assignment of a contract does not operate to cast on the assignee liabilities imposed by the contract on the assignor." *Norton v. First Fed. Sav.*, 128 Ariz. 176, 181 (1981). "[T]he assignment is not of the policy itself, but of a claim under, or a right of action on, the policy." *Aetna Cas. & Sur. Co. v. Valley Nat'l Bank of Ariz.*, 15 Ariz.

App. 13, 15 (1971). "The legal effect of an assignment of a non-negotiable chose in action is to merely transfer the interest of the assignor to the assignee." *Van Waters & Rogers, Inc. v. Interchange Res., Inc.*, 14 Ariz. App. 414, 417 (1971). "The assignee then 'stands in the shoes' of the assignor, taking his rights and remedies as described in the assignment, subject to any [prior] defenses which the obligor or debtor has against the assignor . . . ." *Id.* (citations and internal quotation marks omitted).

¶10        Allstate agrees that in receiving an assignment of benefits EcoDry did not also receive an assignment of the Homeowners' policy. Allstate proposes that in *Norton*, 128 Ariz. at 181, the Arizona Supreme Court has, at least implicitly, adopted the Restatement Second of Contracts such that, absent evidence of a contrary intent, the assignment of benefits simultaneously operates as an assignment of rights and assumption of obligations by the assignee. The *Norton* court made it clear that the circumstances of the case before it did not require deciding whether an assignee implicitly assumes duties when it assumes benefits. *Id.* The Restatement rule has not been adopted in Arizona. Even if this were the rule, the circumstances of the assignment of benefits would not lead to the conclusion that the parties to the assignment intended that EcoDry would assume all the Homeowners' duties under the policy. It would be impractical, if not nearly impossible, for EcoDry to conduct its business of remediation if it assumed the contractual responsibilities of each of its clients with their respective insurers. Regardless, because the general rule in Arizona is that "an assignment of a contract does not operate to cast on the assignee liabilities imposed by the contract on the assignor," and Allstate has not shown that EcoDry affirmatively accepted any of the Homeowners' liabilities, EcoDry cannot be forced to comply with the policy's EUO requirement. *Id.*

¶11        Allstate also argues EcoDry is obligated to submit to an EUO because an EUO is the mechanism by which Allstate may investigate a claim, including ascertaining the extent of the loss and preparing for a potential appraisal under the policy. Allstate's right to investigate a claim is not hampered by the inability to conduct an EUO of a contractor who performed remediation work after the loss. The Homeowners have a contractual obligation and are in the best position to provide Allstate with information regarding the cause and extent of the claimed loss.

¶12        Allstate also relies on *Farmers Ins. Exch. v. Udall*, 245 Ariz. 19 (App. 2018), where EcoDry was an assignee under several post-loss assignments of benefits, for the proposition that, at oral argument, EcoDry declared its intent to abide by the insureds' obligations after taking an

assignment of rights. *Id.* at 24, ¶ 17. EcoDry's concession is taken in the context of its admitted obligations when pursuing a claim for services rendered and in responding to any defenses the insurer may raise, not as an acceptance of all obligations under the insured's policy.

**¶13** Finally, Allstate argues that EcoDry implicitly assumes all of the Homeowners' policy obligations if it files suit against Allstate or demands appraisal, because the policy terms so require. Given the lack of support for the proposition that an assignment of benefits equates to an implied assumption of all policy obligations, *see supra* at ¶¶ 9-11, we also reject this proposition. Accordingly, we find no error in the superior court's grant of summary judgment in favor of EcoDry.

## CONCLUSION

**¶14** We affirm. Both parties request attorneys' fees and costs on appeal pursuant to A.R.S. § 12-341.01. In the exercise of our discretion, we award EcoDry its reasonable attorneys' fees and costs on appeal, upon compliance with ARCAP 21.



AMY M. WOOD • Clerk of the Court
FILED:    AA